WASHINGTON HARDY V. THE STATE.

*No. 1200.  Decided January 21st; 1897.*

**1.  Rape—Common-Law Marriage.**

On a trial for rape of a female under the age of fifteen years, where the evidence showed, that the female was a child under eleven years of age; and, the defense was, that a common-law marriage existed between the parties.  Held: Such a defense was not maintainable, our statute expressly inhibiting the marriage of females under fourteen years of age, and a girl under eleven years of age could not marry in any form, with or without license.

**2.  Same—Charge—Burden of Proof.**

On a trial for rape, where the fact that the prosecutrix was not defendant's wife was established beyond any sort of doubt, and defendant himself admitted that they were not married, the court properly refused to instruct the jury that the burden of proof rests upon the State to prove, beyond a reasonable doubt, that the prosecutrix was not married to defendant.

**3.  Verdict—Date of.**

It is not necessary that a verdict should be dated at all, but when incorrectly dated, the court, unquestionably, has the right to correct it.

APPEAL from the District Court of Victoria.   Tried below before Hon. S. F. GRIMES.

Appeal from a conviction for rape upon a female under the age of fifteen years; penalty, death.

The case is sufficiently stated in the opinion.  The parties to this transaction are negroes.

*W. F. Hays*, for appellant.—A common-law marriage is valid in Texas.   Holder v. State, 35 Tex. Crim. Rep., 19; 8 Tex. Crim. App., 60; Ingersoll v. McWillie, 30 S. W. Rep., 56; Cumby v. Garland, 25 S. W. Rep., 675; Simon v. State, 31 Tex. Crim. Rep., 187; Nixon v. Cattle Co., 84 Texas, 411; Schouler on Domestic Relations, Secs. 15, 19, 20, 25, 26, 27, 30.

No limit as to what age girl may marry, and as to the age of consent, if married, under the laws of Texas (Acts of 1895, 79).   And crime must be defined.   Penal Code, Art. 3; Civil Statutes not declaring common-law marriage void.

*Mann Trice*, Assistant Attorney-General, for the State.—There was no controversy as to the age of the injured girl, which was proved to be eleven years, and none as to the acts of copulation, the prosecutrix and appellant both testifying to those acts—the former, that the appellant used force and threats; and the accused, that the acts of copulation were performed by mutual agreement.

The inculpatory evidence shows that the appellant compelled the prosecutrix to leave Houston with him and go to Victoria; where they remained during the succeeding three months; appellant introducing the prosecutrix as his daughter, and sleeping with her, and having intercourse with her against her will.

The defense is predicated upon an asserted common-law marriage,

which is testified to by the defendant alone. His statement is substantially that he and the prosecutrix loved each other, and agreed between themselves that they would leave Houston and live together as man and wife, and that according to that private agreement, the prosecutrix declining and refusing to marry him, but agreeing to live with him, they left Houston and went to Victoria, where they lived together as man and wife, cohabiting together, though for prudential reasons he passed the girl off as his daughter.

On this state of proof, the defendant requested the court to charge, in effect, that any mutual agreement between the parties to be husband and wife, especially when followed up by cohabitation and a living together as such, would constitute a valid and binding marriage, with or without license, and with or without formal ceremony.

Promptly and properly the court refused the charge, and the sum and substance of the defendant's assaults upon this conviction, hinge upon that refusal and the failure of the court to give its substance in the general charge.

Not even a common-law marriage can be contracted in the manner pretended to have been attempted in this case, under any jurisdiction which has ever given countenance to the common-law marriage. The testimony of the defendant upon which alone this charge was asked, shows no more than an agreement between himself and the prosecutrix to live together in concubinage. The girl being under the age of consent, a single act of copulation between the two—she not being his wife within the purview of the Texas law of marriage, would constitute the act a rape on the part of the defendant, even though the act was agreed to by the girl, or indeed, performed at her solicitation. Beyond this, if it were possible that a common-law marriage could be contracted by such an agreement as that stated in the requested charge, that it was not so contracted is an indisputable fact established by the testimony of the defendant, who testified: "We were not married. She said she would not marry me; that she would live with me, but would not marry me." Now, marriage, whether statutory or common law, is a contract. A contract is not a contract until the minds of the contracting parties meet, comprehend and agree. It is manifest from his own testimony, that if he intended and understood his relation to the girl to be that of marriage of the common-law kind, she certainly did not understand nor intend it to be, since according to him she not only did not agree to marry him, but absolutely and persistently refused to do so. The relation of husband and wife cannot exist without some kind of marriage—common law or statutory. The defendant testifies that there was neither license nor ceremony to make this a statutory marriage, and that the girl absolutely refused to marry him, though agreed to live with him—in short, agreed to concubinage with him, while refusing to assume the relations of husband and wife.

To establish the rule contended for by defendant, would be to overthrow the statutes denouncing the crimes of rape, and fornication; for

as an inducement to fornication a secret compact to take each other as husband and wife, etc., would suffice, and a defense to rape, a manufactured agreement such as attempted in this case, would be enough.

DAVIDSON, JUDGE.—Appellant was convicted of rape upon Florence Williams, a girl under the age of 15 years, and his punishment assessed at death; hence, this appeal. It appears from the statement of facts that the girl was living with her grandmother in the city of Houston, Harris County. Appellant also lived in Houston. On or about the 7th of March, 1896, by force or persuasion, he induced the girl to leave her grandmother, and go with him to Victoria County. When he reached that county he claimed that the girl was his daughter. This statement was repeatedly made, not only in Victoria County, but also in Goliad County, where he carried the girl, and remained for a while. He slept with the girl, and had carnal intercourse with her a great many times. This is not denied, but conceded by the appellant. At the time of the carnal intercourse in Victoria County, the girl was a few months over 10 years of age. There is no question raised in this record as to the age of the girl. It is not disputed anywhere in the record that appellant repeatedly had intercourse with her. The only questions presented for our consideration are found in objections to the charge of the court, and the refusal of the court to submit to the jury requested instructions. Appellant attempts to establish a common-law marriage with the girl, by swearing that he and the girl had agreed to live together as man and wife. Upon this is based a requested instruction to the effect that "any mutual agreement between the parties to be husband and wife, especially when it is followed up by cohabitation and living together as such, if proven to the satisfaction of the jury beyond a reasonable doubt, would constitute a valid and binding marriage, whether there was issued any license or not, or whether there was a celebration of the rites of matrimony by public marriage, or not. The true criterion is, did the parties agree to be man and wife, and was that agreement carried out by their actual conduct towards each other? And if you find, from the evidence, that defendant entered into such an agreement in Houston with Florence Williams, prior to his removal from that place, and prior to his having sexual intercourse with said Florence Williams, and they followed up said agreement by proceeding to live with each other as husband and wife in good faith, and did so live together until the defendant was arrested, you will acquit the defendant." This rule of law pertaining to marriages may be correct, and in a proper case should be submitted to the jury. If there was a common-law marriage between the parties, and the girl was over 14 years of age, we are of opinion that the common-law rule should be submitted to the jury in a case in which the man is charged with raping the girl; that is, having carnal knowledge of a female under the age of 15 years. But the rule has no application to this case whatever. The girl was not 11 years of age, and could not marry in any form, with or with-

out license. Our statute provides that males under 16 and females under 14 years of age shall not marry. The court did not err in refusing to submit this requested instruction to the jury. Appellant requested the court to charge the jury "that the burden of proof in this case rests upon the State, throughout the trial, to prove beyond a reasonable doubt that Florence Williams was not at the time she came or was taken from Houston by defendant, married to the defendant; and unless you find, from the evidence, beyond a reasonable doubt, that the State has made such proof, you will acquit the defendant." The State proved beyond any sort of doubt that Florence Williams, the prosecutrix, was not the appellant's wife, and the defendant himself admitted that they were not married. All of the elements of a common-law marriage are not presented by the testimony of the appellant. He states that the girl was not married to him. They never attempted to pass as husband and wife. We gather from his own testimony that the girl agreed to live with him, not as his wife, but as his mistress. We think the court acted properly in refusing this charge. The jury dated their verdict. The date was incorrect, and was corrected by the court, to which appellant objected. In this there was no error. We do not think it was even necessary for the court to have done this. The judgment shows when the verdict was returned into court, and that it was returned into open court. It was not necessary for the verdict to be dated, even. We have examined this record very carefully, and are unable to find any error. The judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]