### MATT (NAT) FENNELL v. THE STATE.

#### No. 6505. Decided December 14, 1921.

**Assault with Intent to Rape—Statement of Facts—Affidavit.**

Where the affidavit stating that defendant was not able to pay for the statement of facts on a charge of assault to rape was filed too late and was not called to the attention of the trial judge, and no extension of time was requested in which to file the statement of facts, there was no reversible error.

Appeal from the District Court of Guadalupe. Tried below before the Honorable M. Kennon.

Appeal from a conviction of assault with intent to rape; penalty, fifty years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for an assault with intent to rape; punishment fixed at confinement in the penitentiary for a period of fifty years.

The indictment is regular, and the record contains neither statement facts nor bill of exceptions.

An affidavit stating that the appellant was unable to pay for the statement of facts or give security therefor was filed on the 16th day

of June, 1921. Such an affidavit, if filed in time and called to the attention of the trial judge, would have entitled appellant to a statement of facts. Code of Crim. Proc., Art. 845a; Ex Parte Fread, 83 Texas Crim. Rep., 466. The term of court at which the appellant was convicted expired on the 17th day of May. There is nothing in the record to show that the appellant's affidavit mentioned was called to the attention of the trial judge or any request was made for an extension of time in which to file the statement of facts.

We find no error in the record. The judgment is therefore affirmed.

*Affirmed.*