## LINO PEDROZA v. THE STATE.

No. 8371. Decided May 21, 1924.

Rehearing denied June 18, 1924.

**1.—Rape—Pauper's Oath—Security for Costs—Appeal.**

Where, upon conviction of rape, defendant filed an affidavit in which he stated that he was unable to pay or give security for costs of the appeal of his case, but the record did not show that this affidavit was called to the attention of the trial court, and there was never an order made requiring the stenographer to make a transcript, etc., there is no reversible error, and the judgment must be affirmed.

**2.—Same—Rehearing—Attorney and Client—Affidavit.**

Granting the truth of the affidavit asserting the neglect of the attorney who first represented the appellant at the trial, it affirmatively appears from the record that another attorney was employed before the expiration of the time within which to file the statement of facts, and that even then the district judge was not requested to make an order upon the affidavit of the appellant, and in the absence of an order, there was no legal duty resting upon the court's stenographer to make the statement of facts.

**3.—Same—Practice on Appeal—Statement of Facts.**

In the judgment of this court the record does not warrant it in considering the statement of facts offered nor in reversing the case because of the failure to receive it; besides, if it were considered, no reversible error is presented, and the motion for rehearing is overruled.

Appeal from the District Court of Jefferson. Tried below before the Honorable Geo. C. O'Brien.

Appeal from a conviction of rape; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is rape; punishment fixed at confinement in the penitentiary for a period of fifteen years.

The indictment is regular. No statement of facts accompanies the transcript, and no bills of exception are contained therein.

The term of court at which the trial took place expired on the 15th day of September, 1923. During that term there was filed the affidavit of appellant in which he stated that he was unable to pay or give security for the costs of the appeal of his case. So far as the record reveals, this affidavit was not called to the attention of the trial court, nor was there any order made. It is required in

Article 845a, C. C. P., that when a case is appealed and the defendant is unable to pay for the transcript of the evidence or to give security for the costs, it shall, nevertheless be the duty of the stenographer to make the transcript of his notes showing the evidence as described in Article 844b, C. C. P., and deliver it to the accused without costs to him. It is also required by the statute mentioned (Art. 845a) that as a predicate for imposing this duty, an affidavit shall be made by the accused stating his inability to pay or give security for the costs, and that ''upon the making and filing of such affidavits, the court shall order the stenographer to make such transcript in duplicate, and deliver them as herein provided in civil cases, but the stenographer shall receive no pay for same.'' In the present matter, if the filing of the affidavit was known to the trial court, the order prescribed by the statute should have been made. Inasmuch as the record fails to show that the order was made, this court must assume that the affidavit was not called to the attention of the trial judge.

It is not improper to say that it is painful to find the record in the condition of the present one. The law contemplates that one convicted of a felony shall have the right of appeal and prescribes the procedure, making availing a transcription of the evidence to the indigent as well as the opulent individual convicted of crime. Ex parte Fread, 83 Texas Crim. Rep., 465; Fennel v. State, 90 Texas Crim. Rep., 408, 235 S. W. Rep., 885; Ellis v. State, 85 Texas Crim. Rep., 529; 213 S. W. Rep., 264; Jackson v. State, 92 Texas Crim. Rep., 244; 242 S. W. Rep., 732; Sisson v. State, 92 Texas Crim. Rep., 601, 244 S. W. Rep., 1012.

The appellant seems to have made an attempt by filing an affidavit to secure the privilege of bringing the facts before this court for review. It is a subject of regret that there has been a failure to accord this right which the lawmakers intended he should have. This court, however, has no choice but to assume that the trial court did not know that the affidavit mentioned was filed, and finding no other matter presented for review, must order an affirmance of the judgment.

*Affirmed.*

ON REHEARING.

June 27, 1924.

MORROW, PRESIDING JUDGE.—The motion for new trial was overruled on the 15th of September, 1923, and an order made allowing ninety days within which to file a statement of facts and bills of exception. The record filed in this court on the 10th of December, 1923, contained no bills of exception or statement of facts. On the 31st day of July, 1923, there appears to have been filed with the clerk of the District Court the affidavit of the appellant affirming his inability to pay for the transcript of evidence or to give security

therefor. The record fails to show that this affidavit was called to the attention of the trial judge as required by the statute, Article 845a, C. C. P. The case was affirmed on the 21st of May, and thereafter, on the 5th of June, an affidavit was filed from which, in substance, it appears that upon learning that the affidavit of inability to pay for the transcript had been filed, the court stenographer prepared a statement of facts and delivered it to H. B. Tucker, who was counsel for the appellant. Another affidavit made by the appellant asserts that not until three or four days before the time specified in the order of the court for filing the statement of facts, did the appellant ascertain that none had been filed in his case. He then retained another lawyer who, according to the affidavit, demanded of Tucker the statement of facts which had previously been prepared, but this was refused upon the ground that before delivering it, he must pay an additional compensation. This the appellant was unable to do, according to the affidavit, in which he further avers that he had paid the stipulated fee of Tucker. Upon this state of facts appellant insists that the statement of facts which now accompanies the record should be considered.

The document approved by the district judge on the 25th of June has been examined by us. These facts are learned from it; The subject of the rape, Emelia Dominguez, a girl twelve years of age, testified that some ten days before the 23rd day of February, 1923, appellant had intercourse with her, and again upon the 23rd of February. A physician testified that the examination made indicated that there had been a penetration. Upon cross-examination the prosecutrix was asked if she had not married the appellant. This she denied, stating that she did not know what marrying was. She said that on the first occasion she did not tell her mother, because she was afraid of her, but she admitted it to her mother on the second occasion because her brother had already given the information. According to her testimony, the act was accomplished over her protest on both occasions. In the statement of the appellant introduced in evidence he admitted that he had taken the girl to a hotel and had intercourse with her; that she was not exactly willing but after he made love to her, she did not resist; that before the act he promised to marry her.

It seems from the statement of facts that there was before the court a marriage license issued on the 24th day of February, together with the certificate of the County Judge of Jefferson County to the effect that on that day he had performed the marriage ceremony.

Granting the truth of the affidavit asserting the neglect of the attorney who first presented the appellant at the trial, it affirmatively appears that another attorney was employed before the expiration of the time within which to file the statement of facts; that even

then, the district judge was not requested to make an order upon the affidavit of the appellant. In the absence of the order, there was no legal duty resting upon the court stenographer to make the statement of facts. Under the circumstances detailed, if an order had been requested upon the employment of the second attorney, doubtless the district judge would have made it and the statement of facts might have been filed in time. If this had been done, at all events, the case would have stood upon a better footing. No action, however, seems to have been taken towards bringing the facts before this court until after the case was affirmed, which occurred some six months after its filing here.

In our judgment, the record does not warrant us in considering the statement of facts, nor in reversing the case because of the failure to receive it. See authorities cited in the original opinion. If considered, however, we would not be justified in reversing the case upon the facts revealed. From these the jury was authorized to find the appellant guilty, and on considering the facts, we would be bound to assume that they decided that at the time the appellant committed the offense, there had been no attempt to marry the prosecurix. Appellant in his own testimony declares that at that time he had but promised to marry her. The purported certificate of marriage shows that the ceremony, whatever was its nature, took place after the offense was committed. Moreover, the marriage of a girl under fourteen years of age is forbidden by statute, Article 4609, R. S., and it has been said that an attempt to celebrate such a marriage would not be available as a defense to a charge of rape. Carson v. State, 94 Texs Crim. Rep., 159; Hardy v. State, 37 Texas Crim. Rep., 55.

For these reasons we are constrained to overrule the motion for rehearing.

*Overruled.*