

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

*Changed by amendmts See 1.92 Family Code*

AWFORD C. MARTIN
ATTORNEY GENERAL

October 27, 1969

Hon. J. Billy Marley
County Attorney
Crosby County
Crosbyton, Texas

Opinion No. M-502

Re: Whether, pursuant to
Sections 1.91 and 1.92
of the Texas Family Code,
certain groups of under-
age persons may declare
themselves married by
filing a declaration of
informal marriage, and
related questions.

Dear Mr. Marley:

Your recent letter requesting the opinion of this office concerning the referenced matter states, in part, as follows:

"The County Clerk of Crosby County has requested that I obtain from you an opinion on the following questions dealt with by the statutes under the family section, to-wit:

"(1) Under House Bill 53, Family Code (Adopting Title 1) Subsection E (Marriage without formalities): Can persons declare themselves married by said referred affidavit even though they may (one or both) be under 18 or 19 (as the case may be) without parental consent?

"(2) Reference to the same statute as above described: Can children...under 14 (female) and 16 (male) make such a declara- tion...and be considered legally married by informal declaration without formalities?

"(3) Under Sec. 103 (b) (4) of the Family Code: Do County Clerks and their deputies

-2401-

take at face value the statement of a person that they have been divorced for a period of six months or more, or must they require the said persons to show proof of such divorce period?"

The Family Code of Texas, which becomes effective on January 1, 1970, was enacted in House Bill Number 53 (Acts 61st Leg. R.S. 1969, ch. 888, p. 2706). The Code provides two means by which persons may declare they are married: (a) ceremonial marriage, for which a marriage license, medical examination, and proper solemnization are required, or (b) declaration of informal marriage pursuant to the provisions of Sections 1.91 and 1.92 of the Code. The informal marriage procedure is designed to provide prima facie evidence of common law marriages.

Common law marriages are recognized in Texas. 38 Tex.Jur.2d 45, Marriage, Sec. 15. The Code does not change the law as to the validity of these marriages; in fact, it recognizes the validity of the continuing existence of such marriages in making provision for the declaration of informal marriage procedure.

Section 1.91 of the Code provides:

"(a) In any judicial, administrative, or other proceeding, the marriage of a _man_ and _woman_ may be proved by evidence that:
(1) a declaration of their marriage has been executed under Section 1.92 of this code; or
(2) they agreed to be married, and after the agreement they lived together in this state as husband and wife and there represented to others that they were married.

"(b) In any proceeding in which a marriage is to be proved under Subsection (a) (2) of this section, the agreement of the parties to marry may be inferred if it is proved that they lived together as husband and wife and represented to others that they were married." (Emphasis added.)

Section 1.92 of the Code provides:

"(a) A declaration of informal marriage shall be executed on a form prescribed by the Bureau of Vital Statistics of the State Department of Health and provided by the county clerk. Each party to the declaration shall provide the information for which spaces are provided in the form.

"(b) The declaration form shall contain:
....
(2) spaces for each party's full name..., address, date of birth..., and race;
(3) a printed declaration reading: 'We, the undersigned declare that we are married to each other by virtue of the following facts: On or about____(date)__, we agreed to be married, and after that date we lived together in this state as husband and wife and in this state represented to others that we were married.';
(4) a printed oath reading: 'I SOLEMNLY SWEAR (OR AFFIRM) THAT THE ABOVE DECLARATION IS TRUE, THAT THE INFORMATION I HAVE GIVEN HEREIN IS CORRECT, THAT I AM NOT PRESENTLY MARRIED TO ANY OTHER PERSON, AND THAT I AM NOT RELATED TO THE OTHER PARTY TO THE DECLARATION WITHIN THE DEGREES PROHIBITED BY LAW.';

(c) The county clerk shall:
(1) determine that all necessary information is entered on the form;
(2) administer the oath to each party;
....

(d) The county clerk shall record the declaration, deliver the original of the declaration to the parties, and transmit a copy to the Bureau of Vital Statistics.

(e) A declaration executed under this section is prima facie evidence of the marriage."

Sections 1.91 and 1.92, supra, nowhere provide for the county clerk's requiring proof of age, nor for an indication of parental consent, as regards the declaration of informal marriage form. These sections also mention no minimum age limit to be met by persons executing the declaration form.

It is well settled that parties to common law marriages must possess the same criteria of competency to contract marriage that their ceremonial marriage counterparts are required to meet if their common law marriage is to be held valid. 38 Tex.Jur.2d 51, Marriage, Sec. 15; accord: Hardy v. State, 38 S.W. 615 (Tex.Crim. 1897, no writ), Jackson v. Banister, 105 S.W. 66 (Tex.Civ.App. 1907, no writ), Hinojos v. Railroad Retirement Board, 323 F.2d 227 (5th Cir. 1963), Esparza v. Esparza, 382 S.W.2 162 (Tex.Civ.App. 1964, no writ).

The rule as to common law marital competency is succinctly stated in Speer's Marital Rights in Texas (Vol. 1, 3rd. Ed. 1961) as follows:

"It will be observed that in common-law marriages, as in the case of statutory marriages, the parties must be competent and that there must be no impediment by reason of statute or otherwise forbidding the marriage." (Emphasis added.) Id. at p. 42.

Section 1.51 of the Code sets forth the age requirements for marriage as follows:

"(a) A male under 16 years of age may not marry. A female under 14 years of age may not marry.

"(b) Except with parental consent as prescribed by Section 1.52 of this code, the county clerk shall not issue a marriage license if the male applicant is under 19 years of age or if the female applicant is under 18 years of age." (Emphasis added.)

It is to be noted that neither Section 1.51 (b), supra, nor any other section of the Code, prohibits common law marriages of males under 19 years of age, but over 16 years of age, and of females under 18 years of age, but over 14 years of age;

rather, that section adverts solely to the necessity of naving parental consent for persons in the above age groups if a license for a ceremonial marriage is to be validly issued.

The consent of a parent or guardian nas never been necessary to validate a common law marriage. 35 Am.Jur. 193, Marriage, Sec. 21; 1 Speer's Marital Rights in Texas 11 (3rd Ed., 1961); Needam v. Needam, 33 S.E.2d 288 (Va. Sup. 1945).

Having forbidden males under sixteen and females under fourteen to marry, the Legislature surely did not intend to authorize such children to file declarations of marriage under Sections 1.91 and 1.92 of the Code. However, no such prohibition of marriage exists for males over sixteen and females over fourteen.

Accordingly, as regards your first question, it is our opinion that males under 19 years of age, but over 16 years of age, and females under 18 years of age, but over 14 years of age, may file a declaration of informal marriage as provided by Sections 1.91 and 1.92, supra, for the reason that people in those age groups are not, and have not been, prohibited from entering into a common law marriage.

Your second question is, however, answered in the negative. It is stated that:

"(B)efore a marriage will be sustained as a common-law marriage, it must be one not in violation of any law of this state, for no legal marriage can exist in violation of law. This is a solecism. It is but another method of restating the essential that there must be capable contracting parties. Thus, a female under 14 years of age, or a male under 16 years of age...., cannot contract such a marriage." (Emphasis added.) 1 Speer's Marital Rights in Texas (3rd Ed. 1961) 44.

Section 1.51 (a), supra, clearly forbids any marriage by either a male under 16 years of age, or by a female under 14 years of age. This statutory prohibition would seemingly encompass common law, as well as ceremonial, marriages within its purview. However, a problem is presented by the fact that no age minimum is specifically required to be met by those executing the declaration of informal marriage form.

Section 1.91 (a), supra, speaks in terms of a "man" and a "woman" in describing those persons whose marriages may be declared The foregoing ambiguity opens the statute to construction in order that the legislative intent may be ascertained.

We do not believe the Legislature intended to include males under sixteen years of age and females under fourteen years of age within the provisions of Sections 1.91 and 1.92, supra. See, generally, 26 Words and Phrases 348-351, under "Man," and the numerous authorities cited therein holding a "man" to be an adult and not a child or an adolescent.

Furthermore, we feel that if the Legislature had intended to depart from the settled public policy of Texas that looks with disfavor on underage marriages (see, e.g., Walter v. Walter, 433 S.W.2d 183, 193 (Tex.Civ.App. 1968, no writ), and authorities therein) it would have announced such a radical departure in clear, explicit terms. It has been stated that:

"(A) statute should not be given a forced, fancy, strained, subtle, or technical construction, nor one that is nonsensical or unreasonable, in the absence of compelling language found in the enactment." 53 Tex.Jur.2d 188-89, Statutes, Sec. 126.

Nor do we believe it was the legislative intent, as regards Sections 1.91 and 1.92, supra, to sanction the violation of the express, unrestricted, and unambiguous prohibition of Section 1.51(a), supra, by males under 16 years of age and females under 14 years of age. We fully agree with the viewpoint that:

"(W)here the language of a statute is ambiguous and the meaning of the act is uncertain, it is proper to consider the general, legislative, or public policy of the state with regard to the subject involved....In particular, a steady and unbroken policy of the law of the state with respect to a certain matter is to be kept in mind when construing a statute.

. . .

"The construction adopted should... be that which comports with public policy. All provisions of the statute must be considered, and

a narrow verbal construction vitiatory of the
public policy must be avoided.  And a radical
departure from a settled policy will be decreed
only when clearly required by the words or
implications of a statute."  53 Tex.Jur.2d
255-56, Statutes, Sec. 176.

By following the above reasoning, we feel the conflict
between the prohibition of underage marriages in Sec. 1.51 (a),
supra, and the lack of a minimum age requirement in Sections
1.91 and 1.92, supra, can be properly resolved.  "It is presumed
that several acts or provisions (in a statute) relating to the
same subject were intended to be consistent and to operate
in harmony."  53 Tex.Jur.2d 273, Statutes, Sec. 182.  Thus,

"(A)ll acts and parts of acts in pari
materia will, therefore, be taken, read, and
construed together, each enactment in reference
to the other, as though they were parts of one
and the same law.  Any conflict between their
provisions will be harmonized....

. . .

"The rule proceeds on the supposition that
several statutes relating to one subject are
governed by one spirit and policy, and are
intended to be consistent and harmonious in their
several parts and provisions."  53 Tex.Jur.2d 281-84,
Statutes, Sec. 186.

See, also, 53 Tex.Jur.2d 288 et seq., Statutes, Sec. 189.

It follows that it is not permissible to file a
declaration of informal marriage when the underage condition
of one or both of the parties violates the provisions of Section
1.51 (a), supra.  Therefore, when such facts of underage appear
upon the face of the declaration or are otherwise known to
the county clerk, he should not administer the oath or file the
declaration for record.  However, the clerk is not required to
make independent inquiry nor is he authorized to require
additional proof.

Your third question involves the following statutory provision in the Code:

"Sec. 1.03 (b). The application (for marriage license) form shall contain:

. . .

(4) spaces for indicating whether each applicant has been divorced, and if so, whether the applicant has been divorced during the six-month period preceding the date of the application...."

Provision is also made by Section 1.03 for the applicants to sign a printed oath on the form whereby they swear to (or affirm) the veracity of the statements entered thereon.

Applicants for a marriage license are only required to furnish the items set forth in Section 1.02 of the Code, which states as follows:

"Persons applying for a marriage license shall:
(1) appear together or separately before the county clerk:
(2) submit for each applicant:
(A) proof of identity and age as prescribed by Section 1.04 of this code;
(B) a medical examination certificate... as prescribed by Subchapter B of this chapter;
(C) if applicable, the county judge's order prescribed by Section 1.05 of this code; and
(D) if required, the documents establishing parental consent, or a court order, as prescribed by Subchapter C of this chapter;
(3) provide the information for which spaces are provided in the application for a marriage license; and
(4) take the oath printed on the application and sign the application before the county clerk."

Section 1.06 of the Code provides that:

"The county clerk shall:

(1) determine that all necessary information...
is entered in the (marriage license) application
and that all necessary documents are submitted to
him...."

It is our opinion, in answer to your third question,
that the "necessary information" and the "necessary documents"
referred to in Section 1.06, supra, relate only the information
and documents required by Section 1.02 (2), supra, and that the
applicants are not required by law to produce any further infor-
mation or documents relating to Section 1.03 (b) (4), supra.
However., this opinion is given subject to the provision of Section
1.07 (b) of the Code, which states:

"The county clerk shall not issue a
license to the applicants if he knows any
facts which would make the marriage void or
voidable under this code."

Thus, unless the county clerk is aware that a statement given
in the license application concerning an applicant's marital
status for the preceding six-month period is false, he need not
require verification of the statement.

It is, therefore, the opinion of this office that your
questions be answered as follows:

The answer to your first question is "yes";

The answer to your second question is "no", and

The answer to your third question is that no
proof of statements made under Section 1.03 (b) (4) of the
Code is required, unless Section 1.07 (b) of the Code is
applicable.

## S U M M A R Y

(1)  Males under 19 years of age, but over 16 years of age, and females under 18 years of age, but over 14 years of age, whether or not they have parental consent, may execute a declaration of informal marriage pursuant to the provisions of Sections 1.91 and 1.92 of the Family Code.

(2)  Males under 16 years of age and females under 14 years of age may not execute a declaration of informal marriage pursuant to the provisions of Sections 1.91 and 1.92 of the Family Code; and

(3)  Applicants for marriage licenses are not required to furnish proof as to the veracity of their answers given on the application form pursuant to Section 1.03 (b) (4) of the Family Code, unless Section 1.07 (b) of the Family Code is applicable.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Arthur Sandlin
Harold Kennedy
Lonny Zwiener
Bill Corbusier

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant