John Leon PRICE, Appellant,

v.

The STATE of Texas, Appellee.

No. 42469.

Court of Criminal Appeals of Texas.

Dec. 17, 1969.

Stanley Caufield, Fort Worth, Court appointed on appeal only, for appellant.

Frank Coffey, Dist. Atty., and Gordon Gray, Wayne E. Roberts and Truman Power, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault; the punishment, 40 years.

Sentence was imposed on January 27, 1969, and notice of appeal was given. On the same date appellant filed a pauper's oath and counsel on appeal was appointed, replacing court appointed trial counsel.

Such appointed appellate counsel after an examination of the record found the appeal to be frivolous and without merit. Aware of his duties under such circumstances as prescribed by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, counsel followed the procedure approved by this Court in Gainous v. State, Tex.Cr. App., 436 S.W.2d 137.

Such counsel filed an appellate brief in the trial court as required by Article 40.09, Sec. 9, Vernon's Ann.C.C.P. While such brief concluded the appeal was wholly without merit, counsel, in light of Anders, nevertheless set forth two grounds of error that might arguably support the appeal. A copy of such brief was furnished the indigent appellant to allow him to raise any grounds of error he might choose. It appears the record was made available to him. The trial judge even called the appellant into open court to determine if he desired to file a pro se brief. When it was learned appellant had already filed such a brief in this Court, the careful trial judge obtained such brief and had it filed in the trial court in order to insure that appellant's grounds of error were properly assigned. See Article 40.09, Sec. 9, supra.

After a thorough examination of the entire record before us, we find ourselves in full accord with appointed counsel's conclusion that this appeal is frivolous and find none of the grounds of error arguable on their merits.

As to appellant's personally assigned grounds of error, we observe that the evidence does not reflect that any confession or statement was taken from appellant or offered at the trial. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, would not appear to be applicable. Nor is there any showing appellant's constitutional rights were abridged by the pre-trial procedures of the arresting officers. The record is silent as to any evidence obtained by a search and seizure. We fail to see how appellant was a victim of an unlawful search and seizure.

Where there is clear cut direct evidence of the alleged robbery, we know of no requirement that the State must also introduce physical evidence such as the pistol, money, pictures, etc., even if available.

The claim that fingerprints of an accused taken during the trial are inadmissible has been decided contrary to appellant's contention. See Harrington v.

State, Tex.Cr.App., 424 S.W.2d 237 and cases there cited.

■ Further, the dismissal of an enhancement portion of the indictment does not affect the signature of the grand jury foreman to the indictment. Ellis v. State, 85 Tex.Cr.R. 529, 213 S.W. 264.

■ The record does not support appellant's claim that he was denied a speedy trial which he attempts to raise for the first time on appeal.

■ We cannot agree that appellant was denied counsel on appeal or the effective assistance of counsel at the trial.

Finding no merit to appellant's contentions, the judgment is affirmed.