**Walter Edwin KINKEAD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 43110–43112.**

Court of Criminal Appeals of Texas.

Oct. 21, 1970.

Fred M. Heacock, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

These three appeals arise out of three pleas of guilty to two offenses for possession of heroin and one of burglary with intent to commit theft.

After the prior convictions alleged for enhancement of punishment in each indictment were waived and abandoned by the State, the pleas of guilty were entered before the court on the same date and at the same time. Before accepting such pleas the trial court carefully admonished the appellant as to the consequences of his plea to each indictment.

In addition to other evidence offered there was a judicial confession introduced in each case. There was clearly a compliance with Article 1.15, Vernon's Ann.C.C.P.

The punishment was assessed by the court at 18 years confinement in each of the heroin cases and at 12 years confinement in the burglary case.

On the same date the appellant waived the time in which to file motions for new trial and accepted sentence in each case. Thereafter he gave notice of appeal in all three cases. The sentences are concurrent.

His court appointed trial counsel subsequently sought to withdraw from the cases on appeal on the ground he had determined that the appeals were frivolous. His request was refused. He therefore has filed a brief in order to comply with the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and the procedure recommended in Gainous v. State, Tex.Cr.App., 436 S.W.2d 137.

While it is not absolutely clear just when such brief was served upon the appellant and while the highly careful procedure utilized in Price v. State, Tex.Cr.App., 449 S.W.2d 73, was not followed, it does appear counsel's brief was served on the appellant with an offer to make available to him the appellate records. No pro se brief has been filed in either this court or the trial court.

After a full and close examination of the records before us, we agree with counsel that the appeals are wholly without merit and conclude that the dictates of Anders have been met. See Bates v. State, Tex. Cr.App., 456 S.W.2d 107 (where this writer dissented).

The judgments are affirmed.