**John L. JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43515.

Court of Criminal Appeals of Texas.

March 10, 1971.

Rehearing Denied May 5, 1971.

W. John Allison, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery where the punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., was assessed at life.

Appellant's court appointed counsel on appeal, after an examination of the record, concluded that the appeal was frivolous and without merit and sought to withdraw from the case. The trial court refused such request. He therefore filed a brief in order to comply with the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and the procedure recommended in Gainous v. State, Tex.Cr.App., 436 S.W.2d 137.

While it is not clear from the record just when counsel's brief was served upon the appellant and while the highly careful procedure utilized in Price v. State, Tex. Cr.App., 449 S.W.2d 73, was not followed, it does appear from the pro se briefs filed in this court and the trial court that such brief was served upon the appellant.

After a full and close examination of the record before us, we agree with counsel that the appeal is wholly without merit and that the dictates of Anders have been met. See Kinkead v. State, Tex.Cr.App., 458 S.W.2d 678.

In his pro se briefs appellant contends he was twice placed in jeopardy in violation of his constitutional rights. This claim is based on the fact that shortly after he was indicted in this cause he was tried and convicted. His punishment was assessed at life. Subsequently, his motion for new trial was granted. The second trial resulted in the conviction from which this appeal is taken. There is no merit in this contention.

We have considered the other contentions advanced in the pro se briefs, in-

cluding the challenge to the sufficiency of the evidence, and find them without merit or unsupported by the record.

The judgment is affirmed.