**O. V. SPENCER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43646.

Court of Criminal Appeals of Texas.

April 14, 1971.

———◆———

Kim K. Day, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgard A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery where the punishment was assessed at 30 years' confinement in the Texas Department of Corrections.

Appellant's court appointed counsel on appeal after an examination of the record concluded that the appeal was frivolous and without merit. Aware of his duties as prescribed by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and the procedure recommended in Gainous v. State, Tex.Cr.App., 436 S.W.2d 137, counsel filed a brief assigning two grounds that might arguably support the appeal.

While it is not clear from the record just when counsel's brief was served on the appellant, and while the highly careful procedure utilized in Price v. State, Tex.Cr. App., 449 S.W.2d 73, was not followed, it is observed that the appellant filed his pro se brief in the trial court.

After a full and close examination of the record before us, we conclude the appeal is wholly without merit and that the dictates of Anders have been met. See Kinkead v. State, Tex.Cr.App., 458 S.W.2d 678; Jones v. State, Tex.Cr.App., 465 S.W.2d 768.

In his pro se brief appellant complains he was indicted for robbery by firearms but was tried for robbery by assault. He overlooks the fact that prior to trial the State by written motion approved by the court waived and abandoned the capital feature of the indictment.

He also challenges the sufficiency of the evidence. Appellant was identified as one of three men who entered a grocery store in the city of Dallas operated by one H. B. Gipson on February 20, 1968, around 8:55 p. m. and at gunpoint took from Gipson and his wife $264 in cash, a watch and a television set.

At approximately 9:10 p. m. on the said date Dallas Police Officer Brown, who was

investigating the alleged robbery, stopped a speeding car three to five blocks from the scene thereof and observed the four men, some of whom fit the description given of the robbers. One of the men fled from the car with a paper sack; a second man attempted to flee but was apprehended. The appellant was seated in the back seat of the car. The items taken in the robbery were not recovered, but five .38 caliber bullets were found on the person of the appellant and two pistols were discovered under the car seats.

We deem the evidence sufficient to support the jury's verdict.

 Appellant also complains of the fact that he was not returned immediately to the scene of the alleged offense for identification nor placed in a lineup. He points out that he was identified through the use of photographs by the complaining witness and his wife. It has been held that the identification of an accused can be made from photographs. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed. 2d 1247; Bowman v. State, Tex.Cr.App., 446 S.W.2d 320. There is nothing in the record to show the identification process was suggestive nor was there an objection to such testimony.

Finding no merit to appellant's complaints, the judgment is affirmed.