Gonzales 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-128-CR




GABRIEL GONZALES,



 APPELLANT

vs.




THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 98,934, HONORABLE MACE B. THURMAN, JR., JUDGE PRESIDING 



 




 Gabriel Gonzales ("appellant") appeals his conviction for aggravated sexual assault,
Tex. Penal Code Ann. § 22.021 (1989), a charge to which he pled not guilty. He brings forward
two points of error: (1) that the evidence adduced at trial was legally insufficient to support his
conviction, and (2) that his trial counsel provided ineffective legal representation. We affirm the
conviction.

BACKGROUND


 On the night of September 8, 1989, two men sexually assaulted Sandra Gonzalez
(no relation to Gabriel Gonzales). Ms. Gonzalez testified that as she walked along a street enroute
to a friend's house, two men in a car asked her if she wanted a ride. Initially, she declined their
offer, but unfortunately she changed her mind and accepted the ride. The testimony at trial was
that one of these men identified himself as Martin Rebolloso and introduced the driver of the car
as his cousin, Gabriel.

 Although the men offered to take Ms. Gonzalez to her friend's house, they did not. 
Instead, Gabriel drove to Manor and then on to an unidentified rural backroad. Enroute to this
location, Rebolloso sexually assaulted the victim. While struggling to prevent the assault, Ms.
Gonzalez heard the appellant direct Rebolloso to "shoot or kill her." Once they arrived at the
rural location, appellant also sexually assaulted Ms. Gonzalez. Next, the two men decided to
return to Austin with the victim. On the way back, Rebolloso again sexually assaulted her.

 Back in Austin, appellant stopped at an undisclosed location and left to look for
some of his friends. Rebolloso and the victim got out of the car and began walking along a road. 
Soon afterwards, a passerby stopped and offered them a ride. When the victim complained of her
pain, the passerby drove them to a local hospital.

 The victim informed the hospital staff that she had been raped. They notified the
authorities who immediately arrested Rebolloso at the hospital. The police interviewed the victim
and the suspect later that morning and both provided them with appellant's first name. That same
day, after Ms. Gonzalez positively identified him in a photographic lineup as one of her attackers,
appellant was arrested. 

 Upon trial to a jury, appellant was convicted of aggravated sexual assault and
received a sentence of forty-five years. He complains that the victim's inability to make a positive
in-court identification renders the evidence legally insufficient to support his conviction. In
addition, appellant claims that he was denied the effective assistance of counsel by virtue of his
trial counsel's failure to object to particular testimony. We examine each of the two contentions.


SUFFICIENCY OF THE EVIDENCE


 Appellant has challenged the legal sufficiency of the evidence supporting his
conviction. In reviewing his claim, we are obliged to look at all the evidence in the light most
favorable to the verdict. Marroquin v. State, 746 S.W.2d 747, 750 (Tex. Crim. App. 1988);
Houston v. State, 663 S.W.2d 455, 456 (Tex. Crim. App. 1984). The pertinent question is
whether any rational trier of facts could have found beyond a reasonable doubt all of the essential
elements of the crime. Id.

 The element at issue is the identity of the appellant as the perpetrator of the offense
charged. Appellant correctly notes that the victim did not identify him in the courtroom. 
However, the record contains other proof that appellant committed the offense. 

 The testimony at trial indicates that appellant was identified in a number of ways. 
The victim and Rebolloso both told police that the appellant's name was "Gabriel." More
importantly, the victim identified appellant as her assailant at a photographic line-up one day after
the assault. The identification of an accused can be made through the use of photographs. 
Spencer v. State, 465 S.W.2d 370, 371 (Tex. Crim. App. 1971). Thus, legally sufficient evidence
establishing appellant as one of Sandra's assailants was presented during the trial. We conclude,
viewing this evidence in a light most favorable to the jury's verdict, that a rational trier-of-fact
could have found beyond a reasonable doubt all of the essential elements of the offense. 
Appellant's first point of error is overruled.

INEFFECTIVE ASSISTANCE OF COUNSEL


 Appellant next complains of ineffective assistance of counsel rendered during the
course of his trial. He argues that the State bolstered the victim's unimpeached testimony and that
his own trial counsel was ineffective for failing to object to that bolstering.

 Immediately following the victim's failure to make an in-court identification, the
State recalled police Sergeant Donovan who had conducted the photographic line-up at which Ms.
Gonzalez had identified appellant. Donovan testified that he himself had pulled appellant's
photograph from the police records and that he could identify the particular photograph as
appellant. Donovan went on to testify that the person depicted in the photograph was the appellant
who was present in the courtroom.

 Appellant argues that Donovan's testimony constituted impermissible bolstering of
the victim's previous testimony. (1) We believe this argument to be without merit. "Bolstering"
occurs when one item of evidence is improperly used by a party to add credence or weight to
some earlier unimpeached piece of evidence offered by the same party. Guerra v. State, 771
S.W.2d 453, 474 (Tex. Crim. App. 1978); Pless v. State, 576 S.W.2d 83, 84 (Tex. Crim. App.
1979). We detect no bolstering in Donovan's testimony.

 Ms. Gonzalez testified that she positively identified appellant as one of her
assailants by using photographs. Donovan testified simply that he had procured a photograph of
appellant from police department records and that he recognized Gabriel Gonzales from the
photograph. He did not testify to the fact that the victim had identified appellant's photograph. 
The attempt to portray his testimony as bolstering that of the victim's must fail because he did not
refer to her photographic identification of appellant. Compare Reed v. State, 751 S.W.2d 607,
613-14 (Tex. App. 1988, no pet.); Sanders v. State, 688 S.W.2d 676, 679 (Tex. App. 1985, pet.
ref'd); with Jackson v. State, 507 S.W.2d 231 (Tex. Crim. App. 1974) (in which a policeman's
testimony as to the prosecution witnesses' pretrial photo identifications constituted impermissible
bolstering). It follows that a claim of ineffective trial counsel predicated upon the bolstering
allegation must likewise fail. 

 Further, even isolated instances of error on the part of trial counsel will not support
a claim of ineffective counsel. Archie v. State, 615 S.W.2d 762, 765 (Tex. Crim. App. 1981). 
Appellant clearly has not met the two-pronged test of Strickland v. Washington, 466 U.S. 688
(1984), for demonstrating ineffective assistance of counsel; see also Hernandez v. State, 726
S.W.2d 53, 57 (Tex. Crim. App. 1988) (in which the Strickland test was adopted in Texas). 
Gonzales' second point of error is overruled.

CONCLUSION


 Having examined both of Gonzales' allegations of error and having found neither
to be meritorious, the court hereby affirms the conviction. 



 Bea Ann Smith, Justice

[Before Justices Jones, B. A. Smith and Onion*]

Affirmed

Filed: October 23, 1991

[Do Not Publish]



* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003 (1988).
1.   Appellant does not set out in his brief the particular testimony which he claims is
being bolstered. Presumably, he believes that Ms. Gonzalez' testimony as to the photographic line-up identification has been bolstered.