Trinity Gonzalez v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-049-CR 
& 
No. 10-97-081-CR
&
No. 10-97-082-CR

     TRINITY GONZALEZ,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the Criminal District Court No. 2
Dallas County, Texas
Trial Court # F96-00264-JI , F95-75475-TI & F96-00263-JI
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Trinity Gonzalez was convicted of two counts of aggravated assault with a deadly weapon and
one count of murder. He was sentenced to twenty years’ imprisonment for the assaults, and life
imprisonment for the murder. Counsel filed an Anders brief and a motion to withdraw. Anders
v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967).
      Gonzalez filed a pro se response to the Anders brief. See Wilson v. State, 955 S.W.2d 693,
696-97 (Tex. App.—Waco 1997, order). Although the State asked for an extension of time in
which to file a reply brief, one has not been filed. We now address the potential issues identified
by counsel and Gonzalez and conduct an independent review of the record “to decide whether the
case is wholly frivolous.” Anders, 386 U.S. at 744, 87 S.Ct. at 1400.
POTENTIAL ISSUES
      Counsel identified the sufficiency of the evidence and the voluntariness of Gonzalez’s
confession as potential issues for appeal. Gonzalez likewise challenges the voluntariness of his
confession and additionally asserts error where the State solicited evidence from him regarding
a prior conviction and extraneous offenses. Gonzalez further urges that counsel rendered
ineffective assistance in both phases of trial.



Confession
      Detective Linda Erwin testified that Gonzalez gave a statement voluntarily. That statement
was offered into evidence without objection. Gonzalez asserts that the court should have made
findings regarding the voluntariness of his confession pursuant to article 38.22, section 6 of the
Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (Vernon 1979). 
However, article 38.22, section 6 requires such findings only after a question is raised as to the
voluntariness of the confession. No such question was raised in this case.
Sufficiency
      We have noted before that sufficiency of the evidence does not seem to fit within the category
of “arguments that cannot conceivably persuade the court,” theorizing that an advocate can always
present an argument, regardless of how convincing it may be, that the evidence is lacking. 
Taulung v. State, 979 S.W.2d 854, 857 (Tex. App.—Waco 1998, no pet.) We have nevertheless
followed the guide of other courts and addressed a sufficiency challenge in the Anders context. 
Id. (citing Spencer v. State, 465 S.W.2d 370, 370-71 (Tex. Crim. App. 1971); Bruns v. State, 924
S.W.2d 176, 178-79 (Tex. App.—San Antonio 1996, no pet.); Crittendon v. State, 923 S.W.2d
632, 635 (Tex. App.—Houston [1st Dist.] 1995, no pet.); Mays v. State, 904 S.W.2d 920, 925
(Tex. App.—Fort Worth 1995, no pet.)). We will do so again.
      Gonzalez testified on his own behalf during the guilt-innocence phase of trial, stating that on
the day in question he and his nephew decided to drive by Skyline High School. Gonzalez testified
that a group of guys “started saying some verbal things” and “throwing gang-related signs” in his
direction. He said that this scared him, but that he did not want to leave because he did not want
them to follow him. Gonzalez testified that he thought the guys were going to pull a gun, so he
pulled his gun out and started shooting. He said that, although he was not shooting at anyone in
particular, he did shoot three people that day, killing one. In light of this testimony, the only
element on which a question of evidentiary sufficiency exists is whether Gonzalez’s claim that he
was scared and thought they had a gun negated the culpable mental state of “knowingly and
intentionally.”
      In reviewing a claim of legal insufficiency, we view the evidence in a light most favorable to
the verdict and determine whether any rational trier of fact could have found the essential elements
beyond a reasonable doubt. Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991) (citing
Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979)). 
We resolve any inconsistencies in the evidence in favor of the verdict. Matson v. State, 819
S.W.2d 839, 843 (Tex. Crim. App. 1991). Applying this standard in Gonzalez’s case, we
conclude the evidence is legally sufficient to support the conviction. 
      In conducting a factual-sufficiency review, we examine all of the evidence impartially, and
set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997); Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). We give due deference to the factfinder’s
assessment of the weight and credibility of the evidence and will find it insufficient only where
necessary to prevent manifest injustice. Cain, 958 S.W.2d at 407; Calhoun v. State, 951 S.W.2d
803, 810 (Tex. App.—Waco 1997, pet. ref’d). Giving appropriate deference to the verdict, we
cannot say from the record that the verdict is “so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust." Cain, 958 S.W.2d at 410. Accordingly, the
evidence is factually sufficient to support Gonzalez’s conviction.
extraneous offense evidence
      On cross-examination, the State asked Gonzalez if he had ever been convicted of a felony and
he answered, without objection, that he had been convicted of unauthorized use of a motor vehicle. 
This evidence was properly solicited under Rule of Evidence 609. Tex. R. Evid. 609 (“evidence
that the witness has been convicted of a crime shall be admitted . . .”). Thus, this is not a viable
issue for review.
CONCLUSION
      We have reviewed the record and have found no errors of arguable merit. See Wilson, 955
S.W.2d at 698. Accordingly, we grant counsel’s motion to withdraw and affirm the judgment. 
Id.


                                                                       BILL VANCE
                                                                       Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Affirmed
Opinion delivered and filed August 18, 1999 
Do not publish