Trinity Gonzalez v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-049-CR 
& 
No. 10-97-081-CR
&
No. 10-97-082-CR

     TRINITY GONZALEZ,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the Criminal District Court No. 2
Dallas County, Texas
Trial Court # F96-00264-JI , F95-75475-TI & F96-00263-JI
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Trinity Gonzalez was convicted of two counts of aggravated assault with a deadly weapon and
one count of murder. He was sentenced to twenty years’ imprisonment for the assaults, and life
imprisonment for the murder. Counsel filed an Anders brief and a motion to withdraw. Anders
v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967).
      Gonzalez filed a pro se response to the Anders brief. See Wilson v. State, 955 S.W.2d 693,
696-97 (Tex. App.—Waco 1997, order). The State filed a reply brief. We now address the
potential issues identified by counsel and Gonzalez and conduct an independent review of the
record “to decide whether the case is wholly frivolous.” Anders, 386 U.S. at 744, 87 S.Ct. at
1400.
POTENTIAL ISSUES
      Counsel identified the sufficiency of the evidence and the voluntariness of Gonzalez’s
confession as potential issues for appeal. Gonzalez likewise challenges the voluntariness of his
confession and additionally asserts error where the State solicited evidence from him regarding
a prior conviction and extraneous offenses. Gonzalez further urges that counsel rendered
ineffective assistance in both phases of trial.



Confession
      Detective Linda Erwin testified that Gonzalez gave a statement voluntarily. That statement
was offered into evidence without objection. Gonzalez asserts that the court should have made
findings regarding the voluntariness of his confession pursuant to article 38.22, section 6 of the
Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (Vernon 1979). 
However, article 38.22, section 6 requires such findings only after a question is raised as to the
voluntariness of the confession. No such question was raised in this case.
Sufficiency
      We have noted before that sufficiency of the evidence does not seem to fit within the category
of “arguments that cannot conceivably persuade the court,” theorizing that an advocate can always
present an argument, regardless of how convincing it may be, that the evidence is lacking. 
Taulung v. State, 979 S.W.2d 854, 857 (Tex. App.—Waco 1998, no pet.) We have nevertheless
followed the guide of other courts and addressed a sufficiency challenge in the Anders context. 
Id. (citing Spencer v. State, 465 S.W.2d 370, 370-71 (Tex. Crim. App. 1971); Bruns v. State, 924
S.W.2d 176, 178-79 (Tex. App.—San Antonio 1996, no pet.); Crittendon v. State, 923 S.W.2d
632, 635 (Tex. App.—Houston [1st Dist.] 1995, no pet.); Mays v. State, 904 S.W.2d 920, 925
(Tex. App.—Fort Worth 1995, no pet.)). We will do so again.
      Gonzalez testified on his own behalf during the guilt-innocence phase of trial, stating that on
the day in question he and his nephew decided to drive by Skyline High School. Gonzalez testified
that a group of guys “started saying some verbal things” and “throwing gang-related signs” in his
direction. He said that this scared him, but that he did not want to leave because he did not want
them to follow him. Gonzalez testified that he thought the guys were going to pull a gun, so he
pulled his gun out and started shooting. He said that, although he was not shooting at anyone in
particular, he did shoot three people that day, killing one. In light of this testimony, the only
element on which a question of evidentiary sufficiency exists is whether Gonzalez’s claim that he
was scared and thought they had a gun negated the culpable mental state of “knowingly and
intentionally.”
      In reviewing a claim of legal insufficiency, we view the evidence in a light most favorable to
the verdict and determine whether any rational trier of fact could have found the essential elements
beyond a reasonable doubt. Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991) (citing
Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979)). 
We resolve any inconsistencies in the evidence in favor of the verdict. Matson v. State, 819
S.W.2d 839, 843 (Tex. Crim. App. 1991). Applying this standard in Gonzalez’s case, we
conclude the evidence is legally sufficient to support the conviction. 
      In conducting a factual-sufficiency review, we examine all of the evidence impartially, and
set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997); Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). We give due deference to the factfinder’s
assessment of the weight and credibility of the evidence and will find it insufficient only where
necessary to prevent manifest injustice. Cain, 958 S.W.2d at 407; Calhoun v. State, 951 S.W.2d
803, 810 (Tex. App.—Waco 1997, pet. ref’d). Giving appropriate deference to the verdict, we
cannot say from the record that the verdict is “so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust." Cain, 958 S.W.2d at 410. Accordingly, the
evidence is factually sufficient to support Gonzalez’s conviction.
extraneous offense evidence
      On cross-examination, the State asked Gonzalez if he had ever been convicted of a felony and
he answered, without objection, that he had been convicted of unauthorized use of a motor vehicle. 
This evidence was properly solicited under Rule of Evidence 609. Tex. R. Evid. 609 (“evidence
that the witness has been convicted of a crime shall be admitted . . .”). Thus, this is not a viable
issue for review.
CONCLUSION
      We have reviewed the record and have found no errors of arguable merit. See Wilson, 955
S.W.2d at 698. Accordingly, we grant counsel’s motion to withdraw and affirm the judgment. 
Id.


                                                                       BILL VANCE
                                                                       Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Affirmed
Opinion delivered and filed August 31, 1999 
Do not publish



t" language="javascript">
 if( bInlineFloats )
 {
 document.write( '' );
 document.write( WPFootnote5 );
 document.write( '
Close' );
 document.write( '' );
 }

 
In deciding whether a particular piece of evidence is relevant, a trial court should ask, "would a
reasonable person, with some experience in the real world believe that the particular piece of
evidence is helpful in determining the truth or falsity of any fact that is of consequence to the
lawsuit."


 The State argues that the evidence of Townzen's extraneous misconduct was relevant
to its provocation theory. Specifically, the testimony reveals that Townzen went to a dance earlier
that evening anticipating a fight and that after he was beaten in at least one fight his wife called
him a coward, to which he reacted violently. At trial the State attempted to defeat Townzen's self-defense argument by showing that he had been on a rampage all evening and that he provoked a
confrontation with Lopez to prove to his wife that he was not a coward.
      The State offered the evidence of Townzen's prior conduct to show "the condition of the mind
of the accused at the time of the offense."


 The State also asserted that the evidence was
admissible to show the intent and motive of the accused.


 The trial court overruled Townzen's
objection and agreed to instruct the jury to consider the testimony for the limited purposes of
showing the condition of the mind of the accused at the time of the offense as well as his motive
and intent.



      Under the rules of evidence, once the proponent of an item of evidence shows that the
evidence is logically relevant to some issue in the trial under Rule 401, it is admissible under Rule
402 unless the opponent of the evidence demonstrates that is should be excluded because of some
other provision, whether constitutional, statutory, or evidentiary.


 Rule 404(b) is such a
provision:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character
of a person in order to show that he acted in conformity therewith. It may, however, be
admissible for other purposes, such as proof of motive, opportunity, intent, preparation,
plan, knowledge, identity, or absence of mistake or accident, provided, upon timely
request by the accused, reasonable notice is given in advance of trial of intent to
introduce in the State's case in chief such evidence other than that arising in the same
transaction.




(Emphasis added).
      Rule 404(b) expressly provides an exception for evidence offered to prove motive and intent. 
Because the evidence was relevant to the State's provocation theory and was admissible as an
"exception" under Rule 404(b), we must now determine "whether the danger of unfair prejudice
outweighs the probative value," assuming that issue was properly preserved.



      Rule 403 favors admissibility of relevant evidence, and the presumption is that relevant
evidence will be more probative than prejudicial.


 As a result, the opponent of the evidence must
ask the trial court to exclude the evidence on the ground that its probative value, assuming it is
relevant apart from character conformity, is nevertheless substantially outweighed by the danger
of unfair prejudice.


 When Townzen objected under Rule 403, the trial court asked the State to
articulate its need for the evidence. Again the State argued that the probative value of the evidence
was to show Townzen's state of mind, as well as his motive and intent. Furthermore, the
prosecutor noted that he had no objection to an instruction limiting the jury's consideration of the
evidence to the purposes for which it was admitted.
      We review the trial court's decision to admit evidence under Rule 403 by an abuse of
discretion standard.


 Where relevant criteria, viewed as objectively as possible, lead to the
conclusion that the danger of unfair prejudice substantially outweighed the probative value of the
proffered evidence, the appellate court should declare that the trial court erred in failing to exclude
it.


 Relevant criteria include: that the ultimate issue was not seriously contested by the opponent;
that the State had other convincing evidence to establish the ultimate issue to which the extraneous
misconduct was relevant; that the probative value of the misconduct evidence was not, either alone
or in combination, particularly compelling; that the misconduct was of such a nature that a jury
instruction to disregard it for any but its proffered purpose would not likely have been
efficacious.


 
      In this case, Townzen threw his state of mind, as well as his motive and intent, into issue by
arguing that he acted in self-defense. Evidence of his extraneous misconduct, especially from the
two witnesses who testified that Townzen had fought with them earlier that evening, was
particularly compelling to show that he had been on a rampage all evening. In addition,
Townzen's reaction to being called a coward after losing a previous fight was particularly
compelling to show that he provoked the confrontation with Lopez. Furthermore, Townzen's
extraneous misconduct was not of such a nature that it was inherently inflammatory. Instead, it
was more probative of Townzen's state of mind at the time of the offense than of his moral
character. Because the trial court did not abuse its discretion in admitting the evidence of
Townzen's extraneous conduct, we overrule point of error three.
      In point four Townzen contends that the court erred in failing to receive the verdict originally
returned by the jury during the punishment phase of the trial. The court's charge instructed the
jury that it could recommend probation if the punishment did not exceed ten years in prison. 
Although the jury assessed punishment at twelve years in prison and a $10,000 fine, it
recommended probation of the fine. As a result, the trial court instructed the jury to reconsider
its verdict. The jury then returned a verdict assessing punishment at twelve years in prison and
a $5000 fine.
      Townzen argues that article 37.10 of the Texas Code of Criminal Procedure requires the court
to omit the probated $10,000 fine because it was not authorized by law.


 The trial court,
however, can instruct a jury to retire to reconsider the verdict if it does not comply with the
charge, the indictment, or the applicable statute.


 Because the jury's original verdict did not
conform to the charge or to article 42.12, section 4(a), of the Code of Criminal Procedure, the
trial court properly instructed the jury to reconsider its verdict.


 Therefore, we overrule point
of error four.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed June 16, 1993
Do not publish