Juan Manuel Guerrero v. State














IN THE
TENTH COURT OF APPEALS
 

No. 10-01-346-CR

Â Â Â Â Â ALFRED JIMENEZ,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 208th District Court
Harris County, Texas
Trial Court # 852845
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
 MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Alfred Jimenez pleaded guilty without the benefit of a plea bargain to possession of 400 grams
or more of cocaine with intent to deliver. After a presentence investigation, the court sentenced
him to 25 yearsâ imprisonment.
Â Â Â Â Â Â Jimenezâs appellate counsel has filed an Anders brief. See Anders v. California, 386 U.S.
738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493, 498 (1967). Counsel notified Jimenez that he
had filed an Anders brief, sent him a copy of the brief, informed him that he had the right to file
a pro se brief or other response, and told him how to obtain a copy of the record for preparation
of a brief or response. See Sowels v. State, 45 S.W.3d 690, 693 (Tex. App.âWaco 2001, no
pet.). Although the Clerk of this Court also notified Jimenez that he could review the record and
file a brief or response, he has not done so.
Â Â Â Â Â Â Jimenezâs counsel does not identify âpotential sources of errorâ in his brief. E.g., Taulung
v. State, 979 S.W.2d 854, 855 (Tex. App.âWaco 1998, no pet.). Rather, counsel reviews the
propriety of the indictment, the plea proceedings, the punishment hearing, and the conduct of trial
counsel, then concludes that the appeal presents no issues of arguable merit.
Â Â Â Â Â Â This Court has conducted an independent review of the record and has reached the same
conclusion. See Sowels, 45 S.W.3d at 691-92. The indictment vested the court with jurisdiction. 
Jimenez filed no pretrial motions and waived the making of a reporterâs record. The clerkâs
record reflects no âissues which might arguably support an appeal.â Sowels, 45 S.W.3d at 692
(internal quotations and citation omitted).
Â Â Â Â Â Â Accordingly, we affirm the judgment. Counsel must advise Jimenez of our decision and of
his right to file a petition for discretionary review. Sowels, 45 S.W.3d at 694.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â REX D. DAVIS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Affirmed
Opinion delivered and filed July 23, 2003
Do not publish
[CR25]



iety tests, that Perez was intoxicated.  He arrested
Perez for DWI.

Perez asserts that his motion to
suppress should have been granted because his arrest was warrantless, no
probable cause to arrest existed, and no warrantless-arrest exception applies.Â 
Probable cause for a warrantless arrest exists when the arresting officer
possesses reasonably trustworthy information sufficient to warrant a reasonable
belief that an offense has been or is being committed.Â  Amador v. State,
275 S.W.3d 872, 878 (Tex. Crim. App. 2009); Paulea v. State, 278 S.W.3d
861, 864 (Tex. App.ÂHouston [14th Dist.] 2009, pet. refÂd). Â The State bears
the burden of proving probable cause to support a warrantless arrest.Â  Paulea,
278 S.W.3d at 865. Â We review de novo whether probable cause exists to justify
a warrantless arrest after considering the totality of the circumstances
surrounding the arrest. Â Id.

Baker possessed sufficient facts to form
a reasonable inference that Perez drove while intoxicated based on PerezÂs
performance of the field-sobriety tests and his admission that he had been
drinking, driving, and in the traffic accident.Â  See Banda v. State, ---
S.W.3d ---, ---, 2010 WL 2899000, at *5 (Tex. App.ÂHouston [14th Dist.] July
27, 2010, no pet. h.) (citing Diaz v. State, No. 05-09-00750-CR, 2010 WL
1714001, at *2 (Tex. App.ÂDallas Apr. 28, 2010, no pet.) (not designated for
publication) (concluding officer had probable cause to arrest appellant for
driving while intoxicated based on results of field-sobriety tests, appellantÂs
breath smelling of alcohol, and appellantÂs unsteady balance), and Johnson
v. State, No. 14-07-00818-CR, 2008 WL 5085561, at *2 (Tex. App.ÂHouston
[14th Dist.] Nov. 25, 2008, pet. dismÂd) (mem. op.) (not designated for
publication) (appellantÂs failure of the field-sobriety test also provided a
basis for probable cause to arrest him)).Â  He thus had probable cause to arrest
Perez.

Warrantless arrests are
authorized only in limited circumstances outlined primarily in Chapter 14 of
the Code of Criminal Procedure.Â  Swain v. State, 181 S.W.3d 359,
366 (Tex. Crim. App. 2005).Â  The State contends that PerezÂs arrest is
justified under article 14.03(a)(1) of the Code of Criminal Procedure, which
authorizes the warrantless arrest of an individual found in a suspicious place
under circumstances reasonably showing the individual committed a breach of the
peace.Â  See Tex. Code Crim.
Proc. Ann. art. 14.03(a)(1) (Vernon Supp. 2009).Â  DWI is a breach of the peace.Â  Gallups
v. State, 151 S.W.3d 196, 201 (Tex. Crim. App. 2004); Trent v. State,
925 S.W.2d 130, 133 (Tex. App.ÂWaco 1996, no pet.).

For a warrantless arrest to be justified under article
14.03(a)(1), the totality of the circumstances must show (1) the existence of
probable cause that the defendant committed a crime and (2) the defendant must
be found in a suspicious place.Â  Dyar v. State, 125 S.W.3d 460, 468
(Tex. Crim. App. 2003).Â  Having already concluded that probable cause existed
to arrest Perez, we must now determine whether appellant was found in a
suspicious place.Â  Few places, if any, are inherently suspicious.Â  Id.
at 464Â65.Â  The determination of whether a place is suspicious requires a
highly fact-specific analysis.Â  Id. at 468.Â  Any place may
become suspicious when an individual at the location and the accompanying
circumstances raise a reasonable belief that the individual committed a
crime.Â  Id. at 464-68; Hollis v. State, 219 S.W.3d 446, 459
(Tex. App.ÂAustin 2007, no pet.).Â  A key factor used to justify the
determination of a place as suspicious is whether the time frame between the
crime and the apprehension of the suspect is short, but there is no specific
time limit.Â  See Dyar, 125 S.W.3d at 468.

Â Â Â Â Â Â Â Â Â Â Â 
Under the particular facts of this case, we conclude, based on the totality of
the circumstances set forth above (as have many courts addressing similar
facts), that Perez was found in a suspicious place and that his warrantless
arrest was therefore lawful. Â See, e.g., Gallups, 151 S.W.3d at 201Â02; Dyar,
125 S.W.3d at 461-62; Banda, --- S.W.3d at ---, 2010 WL 2899000, at
*6-7; Morgan
v. State,
No. 07-07-00429-CR, 2009 WL 1361578, at *6 (Tex. App.ÂAmarillo May 14, 2009, no
pet.); Layland v. State, 144 S.W.3d 647, 650-51 (Tex.
App.ÂBeaumont 2004, no pet.); Sandoval v. State, 35 S.W.3d 763, 768Â69 (Tex. App.ÂEl Paso 2000, pet. refÂd).

The trial court did not err in denying PerezÂs motion to
suppress.Â  We overrule PerezÂs sole issue in each appeal and affirm the
judgment in each appeal.

Â 

Â 

REX D. DAVIS

Justice

Â 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed August 25, 2010

Do
not publish

[CR25]