NUMBERS 13-00-035-CR & 13-00-042-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







CHARLIE MELVIN PA
GE, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 122nd District Court 


of Galveston County, Texas.






OPINION ON REMAND



 Before Chief Justice Valdez and Justices Rodriguez and Baird (1)


Opinion On Remand by Justice Baird



 Appellant was charged in separate indictments with the offenses of sexual
assault and impersonating a peace officer. The cases were combined into a single
trial where a jury convicted appellant of both offenses and assessed punishment at
seven years' and five years' confinement in the Texas Department of Criminal
Justice-Institutional Division, respectively.

 On direct appeal, we reversed the judgment on grounds that identity was not
an issue in the case, and therefore, evidence of extraneous offenses was
inadmissible, but the court of criminal appeals found that identity was at issue in the
case, and accordingly, reversed our judgment and remanded the case to this Court. 
See Page v. State, 88 S.W.3d 755 (Tex. App.-Corpus Christi 2002), rev'd, 137 S.W.3d
75, 79 (Tex. Crim. App. 2004). On remand, we reversed the judgment of the trial
court on grounds that the trial court abused its discretion in admitting extraneous
offenses into evidence; however, the court of criminal appeals concluded that the
facts of the charged offense and the extraneous offenses showed a pattern of
conduct sufficiently distinctive to constitute a "signature," a distinctive and
idiosyncratic manner of committing criminal acts, and thereby qualified as an
exception to the general rule precluding the admission of extraneous-offense
evidence. See Page v. State, 170 S.W.3d 829, 835 (Tex. App.-Corpus Christi 2005),
rev'd, 213 S.W.3d 332 (Tex. Crim. App. 2006). On remand, we affirm.




I. Procedural History


A. Page I and II.

 On direct appeal, appellant contended the trial court violated Texas Rules of
Evidence Rules 403 and 404(b) in admitting extraneous offense evidence. See Tex.
R. Evid. 403, 404(b). We addressed only the Rule 404(b) argument, held the trial
judge erred in admitting the extraneous offense evidence, and reversed the trial
court's judgment. We specifically stated in that opinion: "Having found the trial judge
erred in admitting the extraneous evidence testimony of Cavender and Edenfield over
appellant's timely Rule 404(b) objection, we do not address appellant's Rule 403
arguments." Page I, 88 S.W.3d at 768 (emphasis supplied). (2) In reversing our
decision, the court of criminal appeals addressed only our analysis of appellant's Rule
404(b) argument. Page II, 137 S.W.3d at 79 (". . . Rule 404(b) permits the introduction
of extraneous offenses that are relevant to the issue of identity.").

B. Page III and IV.

 On remand, we considered only appellant's Rule 404(b) argument and held
"the evidence of the Cavender and Edenfield incidents was not admissible under Rule
404(b), and therefore, the trial court abused its discretion in admitting this evidence."
Page III, 170 S.W.3d at 835. We specifically did not address appellant's Rule 403
arguments. Id. n.5 ("Having determined the extraneous offense evidence was not
admissible under Rule 404(b), we need not address appellant's Rule 403 argument.")
(emphasis supplied). Despite the fact that we specifically refused to address
appellant's Rule 403 argument, the court of criminal appeals in Page IV held: "The
admission of the extraneous-offense evidence did not violate Tex. R. Evid. 403 or
404(b)." 

II. Appellate Jurisdiction and Hierarchy


 As noted above, even though we specifically refused to address appellant's
Rule 403 arguments, the court of criminal appeals in Page IV nevertheless held that
the admission of the extraneous offense evidence did not violate Rule 403. 

 We are at a loss as how the court of criminal appeals could render any decision
related to Rule 403. For more than seventeen years, that court has recognized that
arguments under Rule 404(b) and Rule 403 are separate and distinct, requiring
specific objections and separate arguments on appeal. See Montgomery v. State, 810
S.W.2d 372, 388 (Tex. Crim. App. 1990) (holding objection under Rule 404(b) was
insufficient to invoke Rule 403). And for an even longer period of time, the court of
criminal appeals has recognized that its discretionary review jurisdiction is limited to
"decisions" made by the court of appeals. Lee v. State, 791 S.W.2d 141, 142 (Tex.
Crim. App. 1990) (explaining that an appellate issue is not "ripe for review" until the
court of appeals has reached the merits of that issue).

 Despite those longstanding holdings, the court of criminal appeals in Page IV
reached the merits of an issue never addressed by this Court. Courts of appeals are
intermediate appellate courts and, as such, are "duty bound" to apply the law as
interpreted by the court of criminal appeals. Taulung v. State, 979 S.W.2d 854, 857
(Tex. App.-Waco 1998, no pet.). Consequently, we cannot disturb the express
holding of Page IV that the admission of the extraneous offense evidence did not
violate Rule 403, even though we believe that the court of criminal appeals was
without jurisdiction to make that holding. See Tex. Const. art. V, §§ 5; Tex. Code
Crim. Proc. Ann. art. 44.45 (Vernon 2006); Tex. R. App. P. 66.1.

III. Conclusion


 The judgments of the trial court in cause numbers 98CR0911 and 98CR0913
are affirmed.


 

 CHARLES F. BAIRD

 Justice



Publish. 

Tex. R. App. P. 47.2(b).


Opinion On Remand delivered and filed this the

28th day of February, 2008. 

 

 

 
1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice
of the Supreme Court of Texas. See Tex. Gov't Code Ann. § 74.003 (Vernon 2005).
2. In Page I and III, the Court noted that the author's policy of not referring to complainants by name
could not be followed because of the circumstances presented by this case.