**Charlie Melvin PAGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–00–035–CR, 13–00–042–CR.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Feb. 28, 2008.

Discretionary Review Refused
Sept. 10, 2008.

Mark J. Kelly, Texas City, Terrence W. Kirk, Austin, for appellant.

Kurt Sistrunk, Crim. Dist. Atty., B. Warren Goodson, Asst. Crim. Dist. Atty., Galveston, for The State of Texas.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and BAIRD.[1]

## OPINION ON REMAND

Opinion on Remand by Justice BAIRD.

Appellant was charged in separate indictments with the offenses of sexual as-

---

**1.** Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme Court of Texas.

*See* TEX GOV'T CODE ANN. § 74.003 (Vernon 2005).

sault and impersonating a peace officer. The cases were combined into a single trial where a jury convicted appellant of both offenses and assessed punishment at seven years' and five years' confinement in the Texas Department of Criminal Justice—Institutional Division, respectively.

On direct appeal, we reversed the judgment on grounds that identity was not an issue in the case, and therefore, evidence of extraneous offenses was inadmissible, but the court of criminal appeals found that identity was at issue in the case, and accordingly, reversed our judgment and remanded the case to this Court. *See Page v. State,* 88 S.W.3d 755 (Tex.App.-Corpus Christi 2002), *rev'd,* 137 S.W.3d 75, 79 (Tex.Crim.App.2004). On remand, we reversed the judgment of the trial court on grounds that the trial court abused its discretion in admitting extraneous offenses into evidence; however, the court of criminal appeals concluded that the facts of the charged offense and the extraneous offenses showed a pattern of conduct sufficiently distinctive to constitute a "signature," a distinctive and idiosyncratic manner of committing criminal acts, and thereby qualified as an exception to the general rule precluding the admission of extraneous-offense evidence. *See Page v. State,* 170 S.W.3d 829, 835 (Tex.App.-Corpus Christi 2005), *rev'd,* 213 S.W.3d 332 (Tex.Crim.App.2006). On remand, we affirm.

## I. Procedural History

### A. *Page I and II.*

On direct appeal, appellant contended the trial court violated Texas Rules of Evidence Rules 403 and 404(b) in admitting extraneous offense evidence. *See* Tex.R. Evid. 403, 404(b). We addressed only the Rule 404(b) argument, held the trial judge erred in admitting the extrane-

ous offense evidence, and reversed the trial court's judgment. We specifically stated in that opinion: "Having found the trial judge erred in admitting the extraneous evidence testimony of Cavender and Edenfield over appellant's timely Rule 404(b) objection, we do *not* address appellant's Rule 403 arguments." *Page I,* 88 S.W.3d at 768 (emphasis supplied).[2] In reversing our decision, the court of criminal appeals addressed only our analysis of appellant's Rule 404(b) argument. *Page II,* 137 S.W.3d at 79 ("... Rule 404(b) permits the introduction of extraneous offenses that are relevant to the issue of identity.").

### B. *Page III and IV.*

On remand, we considered only appellant's Rule 404(b) argument and held "the evidence of the Cavender and Edenfield incidents was not admissible under Rule 404(b), and therefore, the trial court abused its discretion in admitting this evidence." *Page III,* 170 S.W.3d at 835. We specifically did not address appellant's Rule 403 arguments. *Id.* n. 5 ("Having determined the extraneous offense evidence was not admissible under Rule 404(b), we need *not* address appellant's Rule 403 argument.") (emphasis supplied). Despite the fact that we specifically refused to address appellant's Rule 403 argument, the court of criminal appeals in *Page IV* held: "The admission of the extraneous-offense evidence did not violate Tex.R. Evid. 403 or 404(b)."

## II. Appellate Jurisdiction and Hierarchy

As noted above, even though we specifically refused to address appellant's Rule 403 arguments, the court of criminal appeals in *Page IV* nevertheless held that the admission of the extraneous offense evidence did not violate Rule 403.

---

**2.** In *Page I and III,* the Court noted that the author's policy of not referring to complain-

ants by name could not be followed because of the circumstances presented by this case.

We are at a loss as how the court of criminal appeals could render any decision related to Rule 403. For more than seventeen years, that court has recognized that arguments under Rule 404(b) and Rule 403 are separate and distinct, requiring specific objections and separate arguments on appeal. *See Montgomery v. State*, 810 S.W.2d 372, 388 (Tex.Crim.App.1990) (holding objection under Rule 404(b) was insufficient to invoke Rule 403). And for an even longer period of time, the court of criminal appeals has recognized that its discretionary review jurisdiction is limited to "decisions" made by the court of appeals. *Lee v. State*, 791 S.W.2d 141, 142 (Tex.Crim.App.1990) (explaining that an appellate issue is not "ripe for review" until the court of appeals has reached the merits of that issue).

■ Despite those longstanding holdings, the court of criminal appeals in *Page IV* reached the merits of an issue never addressed by this Court. Courts of appeals are intermediate appellate courts and, as such, are "duty bound" to apply the law as interpreted by the court of criminal appeals. *Taulung v. State*, 979 S.W.2d 854, 857 (Tex.App.-Waco 1998, no pet.). Consequently, we cannot disturb the express holding of *Page IV* that the admission of the extraneous offense evidence did not violate Rule 403, even though we believe that the court of criminal appeals was without jurisdiction to make that holding. *See* TEX. CONST. art. V, §§ 5; TEX.CODE CRIM. PROC. ANN. art. 44.45 (Vernon 2006); TEX.R.APP. P. 66.1.

### III. Conclusion

The judgments of the trial court in cause numbers 98CR0911 and 98CR0913 are affirmed.