IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00028-CV

 

Celyncia Jordan,

                                                                                    Appellant

 v.

 

Derius Jemard Warren,

                                                                                    Appellee

 

 

 



From the 85th District
Court

Brazos County, Texas

Trial Court No. 08-000922-CV-85

 



MEMORANDUM  Opinion



 

The Clerk of this Court notified
Appellant by letter dated June 16, 2009 that the original filing fee of $175.00
had not been paid, that unless Appellant obtained indigent status, the filing
fee’s payment is required, and that unless Appellant either paid the filing fee
or obtained indigent status within fourteen days, the appeal would be presented
to the Court for dismissal.  More than fourteen days have passed, and Appellant
has not paid the filing fee or filed an affidavit of indigence. 

Accordingly, this appeal is dismissed.  See
Tex. R. App. P. 42.3(c); 10th Tex. App. (Waco) Loc. R. 5(c).

Absent a specific exemption, the Clerk
of the Court must collect filing fees at the time a document is presented for
filing.  Tex. R. App. P. 12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees (July 21, 1998); see
also Tex. R. App. P. 5; 10th Tex. App. (Waco) Loc. R. 5(a); Tex. Gov’t Code Ann. §§ 51.207(b), 51.941
(Vernon 2005).  Under these circumstances, we suspend the rule and order the
Clerk to write off all unpaid filing fees in this case.  Tex. R. App. P. 2.

 

REX D. DAVIS

Justice

 

 

Before Chief
Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Dismissed

Opinion
delivered and filed July 29, 2009

[CV06]

 

 








 






', serif">      Charles E. Britten, Jr. pled guilty to the offense of Robbery. Pursuant to a plea bargain, the
trial court deferred a finding of guilt and placed Britten on community supervision for ten years. 
Approximately two years later, Britten pled true to the State’s motion to adjudicate and was
sentenced to twelve years in prison. Britten now appeals.
Anders Brief
      Britten’s counsel on appeal filed a motion to withdraw with a supporting Anders brief. See
Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967). 
Counsel advised Britten that he had the right to file his own brief. She also provided him with a
copy of the Anders brief and the reporter’s record. See Sowels v. State, No. 10-99-307-CR, slip
op. at 7-8 (Tex. App.—Waco March 28, 2001, no pet. h.). Britten filed a pro-se brief. The State
did not file a brief.
      In his pro se brief, Britten raises the voluntariness of his plea to the offense when he was
originally placed on deferred adjudication community supervision. We do not have jurisdiction
to decide Britten’s complaint concerning his plea at the time the deferred adjudication community
supervision was imposed. Britten did not appeal the trial court’s decision to place him on deferred
adjudication community supervision. See Tex. Code Crim. Proc. Ann. art. 44.01(j) (Vernon
Pamp. 2001). He cannot now appeal any issues relating to that proceeding. Daniels v. State, 30
S.W.3d 407, 408 (Tex. Crim. App. 2000).
      We now decide whether the case has no arguable grounds as claimed by counsel. See Taulung
v. State, 979 S.W.2d 854, 855 (Tex. App.—Waco 1998, no pet.). Counsel, in her brief,
considered issues relevant to an appeal of a plea-bargained case and reviewed the indictment,
pleadings, and all other matters filed and contained in the record. Counsel's brief also contained
references to both the record and applicable statutes, rules, and cases, and discussed why counsel
concluded that there were no arguable grounds for appeal. See Sowels, No. 10-99-307-CR, slip
op. at 1. 
      We have independently reviewed the record and agree that there are no issues “which might
arguably support an appeal.” Id.



      In the past, our practice in such cases has been to grant counsel’s motion to withdraw and
affirm the judgment. See, e.g., Taulung, 979 S.W.2d at 858. However, we have more recently
concluded that this Court does not have authority to permit an appointed counsel to withdraw in
Anders cases. See Sowels, No. 10-99-307-CR, slip op. at 4. Rather, a request for such relief must
be directed to the trial court. Id.
      Because counsel has not been permitted to withdraw and because we are affirming Britten’s
judgment and sentence, counsel must advise Britten of the result of this appeal and of his right to
file a petition for discretionary review. Id.; see also Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997). 
Conclusion
      We dismiss counsel’s motion to withdraw and affirm the judgment.
 
                                                             TOM GRAY
                                                             Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed May 23, 2001
Do not publish